UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62101-CIV-SCOLA/SNOW

LOUIS VUITTON MALLETIER,

       Plaintiff,

vs.

CHEAPLOUISVUITTONOUTLET.COM, *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Plaintiff Louis Vuitton Malletier's Motion for Entry of Final Default Judgment Against Defendants[1] (ECF No. 30), which was referred to United States Magistrate Judge Lurana S. Snow (ECF No. 31) for a Report and Recommendation. The undersigned has carefully considered the Motion, the record in the case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the undersigned recommends that the Motion be GRANTED.

## I.    BACKGROUND

### A.   Procedural History

On October 8, 2021, Plaintiff filed its Complaint against Defendants for trademark counterfeiting and infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I); false designation of origin under § 43(a) of the Lanham Act, 15

---

[1] Defendants are the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto.

U.S.C. § 1125(a) (Count II); cybersquatting under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(d) (Count III); common-law unfair competition (Count IV); and common-law trademark infringement (Count V). In its Complaint, Plaintiff requests the Court (1) enter a permanent injunction enjoining Defendants from producing or selling goods that infringe on its trademarks (ECF No. 1 ¶ 81(a)); (2) disable, or at Plaintiff's election, transfer the domain names at issue to Plaintiff (ECF No. 1 ¶ 81(f, g)); (3) assign all rights, title, and interest, to the domain names to Plaintiff and permanently disable, delist, or deindex the domain names from any Internet search engines (ECF No. 1 ¶ 81(h, j, k)); (4) permanently cease all services to Defendants in connection with the domain names at issue (ECF No. 1 ¶ 81(b, c, i, m)); (5) permanently close the domain registration accounts in which the domain names at issue are located (ECF No. 1 ¶ 81(l)); and (6) award of statutory damages pursuant to 15 U.S.C. §1117(c) and (d) (ECF No. 1 ¶ 81(n-o)).

On October 14, 2021, Plaintiff filed an *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3) (ECF No. 6), which the Court granted on October 22, 2021 (ECF No. 9). Pursuant to the Court's Order, Plaintiff served Defendants with their respective Summons and a copy of the Complaint via e-mail and via website posting on November 8, 2021 and November 9, 2021. *See* Declaration of Virgilio Gigante, ECF No. 30-1 at ¶ 4; *see also* (ECF No. 26) (proof of service).

The time allowed for Defendants to respond to the Complaint has expired. *See* Declaration of Virgilio Gigante, ECF No. 30-1 at ¶ 5.  Defendants have not been

granted any extension of time to respond, nor have they served or filed an Answer or other response. *Id.* at ¶ 6.  Plaintiff asserts that, to its knowledge, none of the Defendants are infants or incompetent persons, and upon information and belief, the Servicemembers Civil Relief Act does not apply. *Id.* at ¶ 7.  On December 2, 2021, Plaintiff filed its Request for Clerk's Entry of Default against Defendants, and the Clerk subsequently entered default against each Defendant on December 3, 2021, for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF Nos. 28, 29). Plaintiff now moves the Court to grant Final Default Judgment against all Defendants.

### B.   Factual Background[2]

Plaintiff is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Louis Vuitton Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 0,297,594 | September 20, 1932 | IC 18. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 | IC 18. Luggage and ladies' handbags. |
|  | 1,519,828 | January 10, 1989 | IC 18. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, pocketbooks. |
|  | 1,770,131 | May 11, 1993 | IC 25. Clothing for men and women, namely, shawls, sashes, scarves; headgear. |

---

[2] The factual background is taken from Plaintiff's Complaint, Plaintiff's Motion, and supporting evidentiary submissions.

| | | | |
|---|---|---|---|
| **LV** | 1,794,905 | September 28, 1993 | IC 16. Stationery, pads of stationery, calendars, indexes for articles made for travellers, notebooks, envelopes; writing paper, office requisites in the nature of writing pads, pencil holders, pen cases, pencil cases, nibs, nibs of gold, inkwells, inkstands.<br>IC 25. Clothing for men and women; namely belts, shawls, sashes, scarves; footwear headgear. |
| **LV** | 1,938,808 | November 28, 1995 | IC 14. Jewelry, watches and straps for wrist watches.<br>IC 24. Travel blankets made of textile. |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 | IC 14. Watches and straps for wrist watches.<br>IC 16. Catalogues featuring luggage and travel accessories, bags, small leather goods, and garments; notebooks, anthologies, and pamphlets referring to travel; calendars; telephone indexes; fountain pens, ballpoint pens, nibs, covers for pocket and desk diaries, and checkbook holders.<br>IC 18. Trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attaché cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios.<br>IC 24. Travel blankets<br>IC 25. Shirts; sweatshirts; polo shirts; T-shirts; headwear; jackets; ties; belts; shawls; scarves. |

| | | | |
|---|---|---|---|
|  | 2,177,828 | August 4, 1998 | IC 14. Goods made of precious metals, namely, shoe ornaments, ornamental pins; jewelry, namely, rings, ear rings, cufflinks, bracelets, charms, necklaces; horological instruments, straps for watches, watches and wrist-watches, and cases for watches. IC 18. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, and credit card cases, umbrellas. IC 25. Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |
|  | 2,181,753 | August 18, 1998 | IC 14. Jewelry, namely, rings, ear rings, bracelets, charms, necklaces, horological instruments, straps for watches, watches, and wrist-watches, and cases for watches. IC 18. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, credit card cases, and umbrellas. IC 25. Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |

| | | | |
|---|---|---|---|
| **LV** | 2,361,695 | June 27, 2000 | IC 25. Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, and hats. |
| LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 | IC 18. Goods made of leather or imitations of leather not included in other classes, namely, boxes of leather principally used for travel purposes, trunks, valises, traveling bags, * traveling sets for containing cosmetics and jewelry, * handbags, beach bags, shopping bags, shoulder bags, brief cases, pouches, fine leather goods namely, pocket wallets, purses, key cases, business card cases, credit card cases. |
| | 2,399,161 | October 31, 2000 | IC 25. Clothing and underwear, namely, shirts, polo shirts, t-shirts, waistcoats, raincoats, skirts, coats, trousers, dresses, jackets, shawls, stoles, scarves, neckties, gloves, ties, belts, bathing suits, shoes, boots and sandals, hats. |
| | 2,773,107 | October 14, 2003 | IC 14. Jewelry including rings, earrings, cuff links, bracelets, charms, necklaces, and medallions; horological and chronometric instruments and apparatus, namely, watches, IC 18. Travel bags, travel bags made of leather; luggage trunks and valises, garment bags for travel, vanity-cases sold empty; rucksacks, shoulder bags, handbags; attaché cases, briefcases, drawstring pouches, pocket wallets, purses, umbrellas, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather; key holders made of leather or of imitation leather. IC 25. Clothing, namely, shirts, T-shirts, belts, scarves, neck ties, shawls, skirts, raincoats, overcoats, trousers, jeans, pullovers, frocks, highheeled shoes, low-heeled shoes, boots, tennis shoes; hats |

| | | | |
|---|---|---|---|
| LOUIS VUITTON | 2,904,197 | November 23, 2004 | IC 14: jewelry, namely, rings, earrings, cuff links, bracelets, charms, necklaces, (( tie pins, and medallions; keyrings made of precious metal; )) horological and chronometric instruments, namely, watches, wrist-watches, (( clocks, )) (( alarm clocks; )) straps for wrist-watches and watch cases. |
| LOUIS VUITTON | 2,909,003 | December 7, 2004 | IC 009. Optical instruments and apparatus, namely, spectacles, eyeglasses, spectacle cases. IC 024. Textiles and textile goods, namely, household linen including bed [ and bath ] linen [, handkerchiefs of textile ]. |
| ⌺ ✖ ⌺ ✖ ✪ ✖ ⌺ ✖ ⌺ | 3,107,072 | June 20, 2006 | IC 09. Spectacles, sunglasses and spectacle cases. IC 14. Jewelry, namely, rings, earrings and ear clips, cuff links, bracelets, charms, necklaces, tie pins, medallions; horological and chronometric apparatus and instruments, namely, watches, watch cases, alarm clocks; jewelry boxes of precious metal, their alloys or coated therewith. IC 18. Leather and imitation leather products, namely, traveling bags, traveling sets comprised of bags or luggage, trunks and suitcases, garment bags for travel purposes; vanity cases sold empty, rucksacks, shoulder bags, handbags, attaché cases, document wallets and briefcases made of leather, pouches made of leather, wallets, purses, key cases, business card cases, credit card cases; umbrellas. IC 25. Clothing and undergarments, namely, shirts, tee-shirts, belts, scarves, neckties, shawls, skirts, raincoats, overcoats, trousers, denim trousers, dresses, jackets, sashes for wear, bathing suits, shoes, boots. |

7

| | | | |
|---|---|---|---|
|  | 3,576,404 | February 17, 2009 | IC 18: boxes of leather or imitation leather for packaging and carrying goods, trunks, suitcases, traveling sets comprised of matching luggage, traveling bags, luggage, garment bags for travel, ((vanity cases not fitted, )) toiletry cases sold empty, rucksacks, satchels, handbags, beach bags, leather shopping bags, sling bags, suit carriers, shoulder bags, waist bags, purses, travel cases, briefcases, briefcase-type portfolios, leather pouches, wallets, change purses, key cases, business card cases, calling card cases. |
|  | 4,192,541 | August 21, 2012 | IC 03. Soaps for personal use; perfumery; essential oils; cosmetics; creams for the hair, face, and body; lotions for the hair, face, and body; shower and bath gels; shower and bath preparations; shampoos; make-up preparations, namely, foundations, lipsticks, eye shadows, mascara, make-up powder, and nail polish. IC 09. Sunglasses; spectacles; optical lenses; spectacle cases; telephones; mobile telephones; smart phones; PC tablets; personal digital assistants; MP3 players; accessories for telephones, mobile telephones, smart phones, PC tablets, personal digital assistants, and MP3 players, namely, hands-free kits for telephones, batteries, covers, housings, façades, chargers, hand straps, and neck straps. IC 14. Jewelry; key rings of precious metal; tie pins; medallions; jewelry boxes; watches; watch bands; alarm clocks; cases for timepieces. IC 16. Printed matter, namely, pamphlets, catalogs, and books in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; publications, namely, brochures and booklets in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; stationery; stationery articles, namely, note pads, writing books, drawing books, calendars, agendas, notebooks, envelopes, letter paper, and index cards; covers for diaries, indexes, and pads; office requisites, namely, letter trays, paper cutters, pencils, inkstands, inkwells, paperweights, pencil holders, pen holders, writing pads, pens, balls, and nibs for pens; |

| | | | |
|---|---|---|---|
| | | | postcards; paper labels; newspapers; printed documents, namely, printed certificates.<br>IC 18. Boxes of leather or imitation leather for packaging and carrying goods; traveling bags; leather traveling sets of luggage; trunks; suitcases; garment bags for travel; vanity cases sold empty; toiletry bags sold empty; backpacks; handbags; attaché cases; leather document cases; wallets; purses; leather key cases; umbrellas.<br>IC 24. Textiles and textile goods, namely, bath linen, bed linen, table linen, towels, bed covers, textile table cloths.<br>IC 25. Clothing, namely, underwear, shirts, tee-shirts, pullovers, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, bathing suits; footwear; headwear.<br>IC 34. Cigar and cigarette cases of leather and imitation leather. |
| LOUIS VUITTON | 4,530,921 | May 13, 2014 | IC 09. Optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 Players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories.<br>IC 16. Paper bags; boxes of cardboard or paper; cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note |

|  |  |  | paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper.<br>IC 25. Clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, rain coats, waterproof jackets, waterproof pants, overcoats, parkas, skirts, dresses, pajamas, dressing gowns, nightgowns, robe, gloves, neck ties, belts for clothing, leather belts, scarves, pocket squares, sashes for wear, shawls, stockings, socks, tights, braces for clothing, suspenders, stoles, underwear, lingerie, bathing suits; headwear; shoes; slippers; boots; half-boots.<br>IC 26. Buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |
|---|---|---|---|

| | | | |
|---|---|---|---|
| LV | 4,614,736 | September 30, 2014 | IC 09. Optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories.<br>IC 16. Paper bags, boxes of cardboard or paper, cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper.<br>IC 26. Buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |

*See* Declaration of Hadrien Huet, ECF No. 5-2 at ¶ 4. The Louis Vuitton Marks are used in connection with the manufacture and distribution of high-quality luxury goods in the categories identified above. *Id.* at ¶¶ 4–5.

Defendants, through the commercial Internet websites and supporting domains operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Louis Vuitton Marks. *See* Declaration of Hadrien Huet, ECF No. 5-2 at ¶¶ 9–11.

Although each Defendant may not copy and infringe each Louis Vuitton Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Louis Vuitton Marks at issue. *See* Declaration of Hadrien Huet, ECF No. 5-2 at ¶¶ 10–11. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Louis Vuitton Marks. *See* Declaration of Hadrien Huet, ECF No. 5-2 at ¶¶ 9–11.

Plaintiff's representative reviewed and visually inspected the Internet websites, including images reflecting the various items bearing the Louis Vuitton Marks offered for sale through the Internet websites operating under the Subject Domain Names and determined the products were non-genuine, unauthorized versions of Plaintiff's products. *See* Declaration of Hadrien Huet, ECF No. 5-2 at ¶¶ 10–11.

## II.   <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "A defendant, by his default, admits the plaintiff's well-pleaded

allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted).  However, "a defendant's default does not in itself warrant the court entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Court must determine whether there is a sufficient basis in the pleadings for the judgment. *See id.*

## III.   DISCUSSION

### A. Liability

#### 1.   *Trademark Counterfeiting and Infringement Under 15 U.S.C. § 1114 (Count I)*

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark … which … is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(a) (alterations added). To prevail on the merits of a trademark infringement claim, a plaintiff must show that "(1) its mark has priority, (2) defendant used its mark in commerce, and (3) defendant's mark is likely to cause consumer confusion." *PetMed Express*, 336 F. Supp. 2d at 1217-18 (citing *Int'l Cosmetics Exch., Inc., v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242 (11th Cir. 2002)). Plaintiff has sufficiently alleged and established each of these elements: (1) Plaintiff's ownership of the trademarks at issue precede Defendants' infringement, *see* ECF No. 1 at ¶ 17; (2) Defendants advertised, offered for sale, and sold goods in

commerce bearing the Louis Vuitton Marks without Plaintiff's consent or authorization, *see* ECF No. 1 at ¶¶ 26, 32; and (3) the marks used on the goods Defendants' advertised, offered for sale, and sold are so similar to the Louis Vuitton Marks that they are likely to cause consumer confusion, *see* ECF No. 1 at ¶¶ 26–27, 34, 49. Accordingly, Plaintiff is entitled to a default judgment on its trademark counterfeiting and infringement claim.

2. *False Designation of Origin Under 15 U.S.C. § 1125(a) (Count II)*

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiff. *See* 15 U.S.C. § 1125(a)(1). As with trademark infringement claims, the test for liability for false designation of origin under Section 43(a) is also "whether the public is likely to be deceived or confused by the similarity of the marks at issue.". *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 780 (1992). As noted above, Plaintiff's well-pled allegations establishes Plaintiff's ownership of the Louis Vuitton Marks, *see* ECF No. 1 at ¶ 17, and there is a likelihood of consumer confusion due to Defendants' use of the Louis Vuitton Marks, *see* ECF No. 1 at ¶¶ 26–27, 34, 49. As such, Plaintiff is entitled to a default judgment on its false designation of origin claim.

14

### 3. *Cybersquatting Under 15 U.S.C. § 1125(d) (Count III)*

The Anticybersquatting Consumer Protection Act ("ACPA") protects the owner of a distinctive or famous trademark from another's bad faith intent to profit from the trademark owner's mark by registering or using a domain name that is identical or confusingly similar to, or dilutive of, the trademark owner's mark without regard to the goods or services of the parties. *See* 15 U.S.C. § 1125(d). "To prevail under the ACPA, a plaintiff must prove that (1) its mark is distinctive or famous and entitled to protection; (2) the defendant's domain name is identical or confusingly similar to the plaintiff's mark; and (3) the defendant registered or used the domain name with a bad faith intent to profit." *Bavaro Palace, S.A. v. Vacation Tours, Inc.*, 203 Fed. App'x 252, 256 (11th Cir. 2006) (citing *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001)).

Plaintiff alleges that Defendant Numbers 1–15's Subject Domain Names (the "Cybersquatted Subject Domain Names") violate § 1125(d). Specifically, Plaintiff alleges that the Louis Vuitton Marks are distinctive or famous and that the Cybersquatted Subject Domain Names are identical or confusingly similar to the Louis Vuitton Marks. *See* ECF No. 1 at ¶¶ 21, 35, 64, 66. Moreover, Plaintiff alleges that Defendant Numbers 1–15 registered or used the Cybersquatted Subject Domain Names with a bad faith intent to profit. *See* ECF No. 1 at ¶¶ 40, 63. Thus, Plaintiff is entitled to a default judgment on its cybersquatting claim against Defendant Numbers 1-15.

4.  *Common-Law Unfair Competition and Trademark Infringement*
    *(Counts IV and V)*

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester, No. 83- 8381-Civ-Paine*, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987). Additionally, the analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004). As discussed above, Plaintiff has alleged all the elements for statutory trademark infringement. Thus, Plaintiff is also entitled to default judgment on its claims for common law unfair competition and common law trademark infringement.

**B.    Injunctive Relief and Damages**

Plaintiff requests an award of equitable relief and monetary damages against Defendants. This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment in regards to damages pursuant to Fed. R. Civ. P. 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings

in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing). Where, as here, a plaintiff seeks statutory damages and has filed detailed declarations and documentary evidence, a hearing is unnecessary to determine damages. *See Petmed*, 336 F.Supp.2d at 1217.

Based on the default entered against Defendants, Plaintiff's well-pleaded allegations of fact in the Complaint are admitted and thus not in dispute. *See, e.g., Eagle Hosp. Physicians*, 561 F.3d at 1307. Plaintiff has also presented sufficient evidence to support its request for a permanent injunction and statutory damages. As such, Plaintiff is entitled to the entry of a final default judgment awarding the relief sought.

### 1. *Injunctive Relief*

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at

1222-23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendants are not permanently enjoined. *See* ECF No. 1 at ¶¶ 44, 52. Further, the Complaint alleges, and the submissions by Plaintiff show, that the goods promoted, advertised, offered

for sale, and sold by Defendants are nearly identical to Plaintiff's genuine products and that consumers viewing Defendants' counterfeit goods post-sale would actually confuse them for Plaintiff's genuine products. *See id.* at ¶ 27 ("Defendants' actions are likely to cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods are genuine goods originating from, associated with, and/or approved by Louis Vuitton.").

Plaintiff has no adequate remedy at law so long as Defendants continue to operate the Subject Domain Names because Plaintiff cannot control the quality of what appears to be its products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademarks, which is an illegal act. Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' products. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.").

The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown,

the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole."). District courts are expressly authorized to order the transfer or surrender of domain names in an in rem action against a domain name. *See* 15 U.S.C. § 1125(d)(1)(C), (d)(2). However, courts have not limited the remedy to that context. *See, e.g., Philip Morris USA v. Otamedia Ltd.*, 331 F. Supp. 2d 228, 230-31 (S.D.N.Y. 2004) (transferring Yesmoke.com domain name to plaintiff despite the fact that plaintiff did not own a trademark in the term "Yesmoke" and noting that 15 U.S.C. § 1125 "neither states nor implies that an in rem action against the domain name constitutes the exclusive remedy for a plaintiff aggrieved by trademark violations in cyberspace"); *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 853 (E.D. Mich. 2006) (ordering the defendants to disclose all other domain registrations held by them and to transfer registration of a particular domain name to plaintiff in part under authority of 15 U.S.C. § 1116(a)).

Defendants have created an Internet-based counterfeiting scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities by disabling or transferring the Subject Domain Names and assigning all rights, title, and interest to the Subject

Domain Names to Plaintiff, disabling, de-indexing or delisting the Subject Domain Names from any Internet search engine, permanently ceasing all services to Defendants in connection with the Subject Domain Names, including permanently deleting the Subject Domain Names from its DNS used for the DoH (1.1.1.1), and permanently closing the domain registration accounts in which the Subject Domain Names are located, where they may be disabled from further use as platforms for the sale of counterfeit goods.

### 2. *Statutory Damages*

Plaintiff requests and award of statutory damages against Defendants for trademark infringement in Count I and cybersquatting in Count III. Plaintiff asserts that damages for Count II, IV, and V are encompassed in Count I. (ECF No. 30 at 17, 20).

### *Damages as to Count I for Trademark Counterfeiting and Infringement*

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff has elected to recover an award of statutory damages as to Count I of the Complaint. (ECF No. 30 at 14).

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express, Inc.,* 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.,* 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent."); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.,* No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.,* S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.,* 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

Here, the allegations in the Complaint and the evidence establish Defendants intentionally copied the Louis Vuitton Marks for the purpose of deriving the benefit of Plaintiff's famous reputation. Defendants have defaulted on Plaintiff's allegations of willfulness. (ECF No. 1 ¶ 33); *see also Arista Records, Inc. v. Beker Enters., Inc.,* 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (citation omitted) (concluding a court may infer willfulness from the defendants' default). As such, the Lanham Act permits the

Court to award up to $2,000,000.00 per infringing mark on each type of good as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one (1) type of good bearing and/or using one (1) mark which was in fact a counterfeit of at least one of the Louis Vuitton Marks. (ECF No. 1 ¶¶ 17, 26-34, 47–50); *see also* Declaration of Hadrien Huet, ECF No. 5-2 at ¶¶ 9–12. Based on the above considerations, Plaintiff suggests the Court award statutory damages of $100,000.00 per mark, per type of good. As each Defendant used at least one counterfeit mark on one type of good, Plaintiff suggests the Court award statutory damages of $100.000.00 against each Defendant. The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Undersigned finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just. *See, Abercrombie & Fitch Trading Co. v. hcoaustraliasale.com*, Case No. 21-cv-61967-RNS (S.D. Fla. Nov. 29, 2021) (awarding $100,000.00 in statutory damages against each Defendant); *St-Honore v. Goyi*, No. 19-cv-60168-RNS, 2020 U.S. Dist. LEXIS 82 (S.D. Fla. Jan. 2, 2020) (awarding $100,000.00 in statutory damages against each Defendant); *Specialized Bicycle Components, Inc. v. 17 No.1-Own*, No. 17-cv-61201-RNS, 2017 U.S. Dist. LEXIS 139259 (S.D. Fla. Aug. 30, 2017) (awarding $100,000.00 in statutory

damages against each Defendant); *Fendi S.r.l. v. alston wat*, Case No. 20-cv-61724-RNS (S.D. Fla. Dec. 22, 2020) (awarding $100,000.00 against each Defendant); *Chanel, Inc. v. Hero*, 234 F. Supp. 3d 1255 (S.D. Fla. 2016); *Tiffany (NJ) LLC v. benefitfortiffany.com*, 2016 U.S. Dist. LEXIS 176685, Case No. 16-cv-60829-JAL (S.D. Fla. Dec. 20, 2016) (awarding Plaintiff $100,000.00 against each Defendant). Accordingly, Plaintiff should be awarded $100,000.00 in statutory damages against each Defendant pursuant to 15 U.S.C. § 1117(c).

### *Damages as to Count III for Cybersquatting*

Plaintiff's Complaint also sets forth a cause of action for cybersquatting pursuant to the ACPA, 15 U.S.C. section 1125(d). As admitted by default, and established by the evidence submitted, Defendant Numbers 1–15 have acted with the bad-faith intent to profit from at least one of the Louis Vuitton Marks and the goodwill associated with the Louis Vuitton Marks by registering their respective Cybersquatted Subject Domain Names identified on Schedule "B" of Plaintiff's Motion. (ECF No. 1 ¶¶ 35–40, 63–67; ECF No. 30 at 29). Each of the Cybersquatted Subject Domain Names incorporate at least one of Plaintiff's trademarks in its entirety surrounded by a descriptive or generic term, rendering the domain name nearly identical to at least one of Plaintiff's trademarks.

Upon a finding of liability, the ACPA expressly empowers the Court to "order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." *See* 15 U.S.C. § 1125(d)(1)(c); *see also Victoria's Cyber Secret Ltd. P'ship v. Secret Catalogue, Inc.*, 161 F. Supp. 2d 1339, 1356 (S.D. Fla.

2001). Accordingly, Plaintiff is entitled to the transfer and ownership of Defendant Numbers 1–15's Cybersquatted Subject Domain Names because they are confusingly similar to at least one of Plaintiff's trademarks.

Additionally, Plaintiff may elect at any time before final judgment to recover actual damages or statutory damages of not less than $1,000.00 and not more than $100,000.00 per domain name, as the Court considers just. *See* 15 U.S.C. § 1117(d). Plaintiff has elected statutory damages and requests in view of Defendant Numbers 1–15's intentional, wrongful behavior, an award in the amount of $10,000.00 for its infringing domain name. (ECF No. 30 at 20, 29).  The Undersigned believes that Plaintiff's request is reasonable. *see also Taverna Opa Trademark Corp. v. Ismail*, No. 08–20776–CIV, 2010 WL 1838384, at *3 (S.D. Fla. May 6, 2010) (awarding $10,000.00 in statutory damages for domain name at issue).

## IV.    CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Motion for Entry of Final Default Judgment Against Defendants (ECF No. 30) be GRANTED and Final Default Judgment and Permanent Injunction be entered as follows:

1. **Permanent Injunctive Relief:**

The Defendants and their officers, directors, employees, agents, subsidiaries, distributors, and all persons acting in concert or participation with them are hereby permanently restrained and enjoined from:

a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using the Plaintiff's trademarks identified in Paragraph 17 of the Complaint (the "Louis Vuitton Marks");

b. using the Louis Vuitton Marks in connection with the sale of any unauthorized goods;

c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

d. falsely representing themselves as being connected with the Plaintiff, through sponsorship or association;

e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff;

f. using any reproduction, counterfeit, copy, or colorable imitation of the Louis Vuitton Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants;

g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by the Defendants as being those of the Plaintiff or in any way endorsed by the Plaintiff and from offering such goods in commerce;

h. otherwise unfairly competing with the Plaintiff;

i. using the Louis Vuitton Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which are visible to a computer user or serves to direct computer searches to websites or domain names, registered by, owned, or operated by the Defendants; and

j. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2.   **Additional Equitable Relief:**

The Plaintiff is additionally entitled to the following equitable relief:

a.   In order to give practical effect to the Permanent Injunction, the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), are hereby ordered to be immediately transferred by the Defendants, their assignees and/or successors in interest or title, and the Registrars to the Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the Subject Domain Names to the Plaintiff's control within five (5) days of receipt of this judgment, upon the Plaintiff's request, the top level domain ("TLD") Registry for each of the Subject Domain Names, or their administrators, including backend registry operators or administrators, shall, within thirty (30) days, (i) change the Registrar of Record for the Subject Domain Names to a Registrar of the Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to the Plaintiff, or (ii) place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registries which link the Subject Domain Names to the IP addresses where the associated websites are hosted;

b.   The Plaintiff may serve this injunction on any Internet search engines or any service provider referring or linking users to any specific URLs of the Subject Domain Names with a request that the service provider permanently disable the references or links to, and/or permanently de-index or delist any specific URLs identified by the Plaintiff which are being used by the Defendants in connection with the offering for sale or sale of goods bearing counterfeits of the Louis Vuitton Marks, based upon the Defendants' unlawful activities being conducted via the Subject Domain Names as a whole and via the URLs identified by the Plaintiff;

c.   The Plaintiff may serve this injunction on the domain name registrar(s) and/or the privacy protection service(s) for the Subject Domain Names to disclose to the Plaintiff the true identities and contact information for the registrants of the Subject Domain Names;

d.   The Plaintiff may serve this injunction on any service provider, including specifically Cloudflare, Inc., with a request to permanently cease providing any services to the Defendants in connection with any and all domain names, including but not limited to, the Subject Domain Names, and

websites through which the Defendants engage in the promotion, offering for sale and/or sale of goods using counterfeits of the Louis Vuitton Marks, including permanently deleting the Subject Domain Names from its DNS used for the DoH (1.1.1.1);

e.  The Defendants, their agent(s) or assign(s), shall assign all rights, title, and interest, to their Subject Domain Name(s) to the Plaintiff and, if within five (5) days of receipt of this Order the Defendants fail to make such an assignment, the Court shall order the act to be done by another person appointed by the Court at the Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a);

f.  The Defendants, their agent(s) or assign(s), shall instruct all search engines to permanently delist or deindex the Subject Domain Name(s) and, if within five (5) days of receipt of this Order the Defendants fail to make such a written instruction, the Court shall order the act to be done by another person appointed by the Court at the Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a);

g.  The Defendants, their agent(s) or assign(s), shall instruct the Registrar(s) for each of their Subject Domain Name(s) to permanently close the domain registration account(s) in which any Subject Domain Name(s) are located and, if within five (5) days of receipt of this Order the Defendants fail to make such a written instruction, the Court shall order the act to be done by another person appointed by the Court at the Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a); and

h.  The Defendants, their agent(s) or assign(s), shall instruct in writing all service providers, including specifically CloudFlare, Inc., to permanently cease providing any services to the Defendants in connection with any and all domain names, including but not limited to the Subject Domain Name(s), and websites through which the Defendants engage in the promotion, offering for sale and/or sale of goods using counterfeits of the Louis Vuitton Marks, including permanently deleting the Subject Domain Names from its DNS used for the DoH (1.1.1.1), and, if within five (5) days of entry of such order any Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at the Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

3. **Statutory damages** in favor of the Plaintiff pursuant to 15 U.S.C. § 1117(c) are determined to be $100,000.00 against each Defendant, for which let execution issue, based upon the Court's finding that the Defendants infringed at least one trademark on one type of good. The Court considered both the willfulness of the Defendants' conduct and the deterrent value of the award imposed, and the award falls within the permissible statutory range under 15 U.S.C. § 1117(c):

4. **Statutory damages** in favor of the Plaintiff pursuant to 15 U.S.C. § 1117(d) are determined to be:

   a. $10,000.00 against Defendant cheaplouisvuittonoutlet.com (Defendant Number 1), for its domain name, cheaplouisvuittonoutlet.com, for which let execution issue.

   b. $10,000.00 against Defendant fakelvstore.com (Defendant Number 2), for its domain name fakelvstore.com, for which let execution issue.

   c. $10,000.00 against Defendant handbags-louisvuittonoutlet.com (Defendant Number 3), for its domain name handbags-louisvuittonoutlet.com for which let execution issue.

   d. $10,000.00 against Defendant louisvuittonbagsonsale.com (Defendant Number 4), for its domain name louisvuittonbagsonsale.com, for which let execution issue.

   e. $10,000.00 against Defendant louisvuitton-ru.com (Defendant Number 5), for its domain name louisvuitton-ru.com, for which let execution issue.

   f. $10,000.00 against Defendant louis-vuittons.shop (Defendant Number 6), for its domain name louis-vuittons.shop, for which let execution issue.

   g. $20,000.00 against Defendant louisvuittons.us (Defendant Number 7), for its domain names louisvuittons.us, and lvoutletsnew.top, for which let execution issue.

   h. $10,000.00 against Defendant louixvuiton.com (Defendant Number 8), for its domain name louixvuiton.com, for which let execution issue.

i.    $10,000.00 against Defendant lvbagging.com (Defendant Number 9), for its domain name lvbagging.com, for which let execution issue.

j.    $10,000.00 against Defendant lvbagstores.com (Defendant Number 10), for its domain name lvbagstores.com, for which let execution issue.

k.    $10,000.00 against Defendant lv-fashionbags.com (Defendant Number 11), for its domain name lv-fashionbags.com, for which let execution issue.

l.    $10,000.00 against Defendant lvshoppe.com (Defendant Number 12), for its domain name lvshoppe.com, for which let execution issue.

m.    $10,000.00 against Defendant replicalvstore.com (Defendant Number 13), for its domain name replicalvstore.com, for which let execution issue.

n.    $10,000.00 against Defendant toplvshop.com (Defendant Number 14), for its domain name toplvshop.com, for which let execution issue.

o.    $50,000.00 against Defendant louisvuittonbagsstore.com (Defendant Number 15), for its domain names louisvuittonbagsstore.com, louisvuittonluxurybag.store, louisvuittonluxurystore.site, luxurylouisvuittonhandbag.xyz, and luxurylvbagstyle.icu, for which let execution issue.

5.    The Court retains jurisdiction to enforce this Judgment and permanent injunction.

6.    The bond posted by the Plaintiff in the amount of $10,000.00 is **ordered to be released** by the Clerk.

The parties will have fourteen (14) days after being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Robert N. Scola, Jr., United States Chief District Judge.  Failure to file objections timely shall bae the parties from a de novo determination by the District Judge on an issue covered in the Report and shall bar the parties from attaching on

30

appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

 DONE AND SUBMITTED at Fort Lauderdale, Florida, this 13th day of April, 2022.


_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and/or *pro se* Parties

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Defendant Number | Defendant / Subject Domain Dame |
|---|---|
| 1 | cheaplouisvuittonoutlet.com |
| 2 | fakelvstore.com |
| 3 | handbags-louisvuittonoutlet.com |
| 4 | louisvuittonbagsonsale.com |
| 5 | louisvuitton-ru.com |
| 6 | louis-vuittons.shop |
| 7 | louisvuittons.us |
| 7 | lvoutletsnew.top |
| 8 | louixvuiton.com |
| 8 | nikeajok.com |
| 9 | lvbagging.com |
| 10 | lvbagstores.com |
| 11 | lv-fashionbags.com |
| 12 | lvshoppe.com |
| 13 | replicalvstore.com |
| 14 | toplvshop.com |
| 15 | louisvuittonbagsstore.com |
| 15 | louisvuittonluxurybag.store |
| 15 | louisvuittonluxurystore.site |
| 15 | luxurylouisvuittonhandbag.xyz |
| 15 | luxurylvbagstyle.icu |
| 15 | luxurytoshop.com |
| 15 | luxury24shop.shop |
| 15 | luxury4shopping.top |
| 15 | luxury4store.icu |
| 15 | luxurybag4you.online |
| 15 | luxurybages.xyz |
| 15 | luxurybagforu.top |
| 15 | luxurybaggenie.site |
| 15 | luxurybaghot.site |
| 15 | luxurybagmallshop.site |
| 15 | luxurybagmart.top |
| 15 | luxurybags2018.shop |
| 15 | luxurybags4you.xyz |
| 15 | luxurybagsae.xyz |
| 15 | luxurybagsalesoutlet.site |
| 15 | luxurybagscenter.site |

| 15 | luxurybagscheapoutlets.xyz |
|----|---------------------------|
| 15 | luxurybagschina.site |
| 15 | luxurybagsclub.online |
| 15 | luxurybags-estore.online |
| 15 | luxurybagsforsales.site |
| 15 | luxurybagshops.shop |
| 15 | luxury-bagshops.top |
| 15 | luxurybagslike.shop |
| 15 | luxurybagsmallsale.xyz |
| 15 | luxurybagsnew.online |
| 15 | luxurybagsnyc.shop |
| 15 | luxurybagsoutletoluk.shop |
| 15 | luxurybags-shop.top |
| 15 | luxurybagstyleoutlet.store |
| 15 | luxurybagsus.club |
| 15 | luxurybagsvip.site |
| 15 | luxurybagswallet.club |
| 15 | luxurybagworld.top |
| 15 | luxurybeltsshop.site |
| 15 | luxurybrandsdiscountstore.site |
| 15 | luxurybrandsoutletshop.top |
| 15 | luxurycardshop.online |
| 15 | luxurycheapbagsonlinestore.top |
| 15 | luxurychinabags.store |
| 15 | luxuryclosetshop.top |
| 15 | luxurycustomshop.site |
| 15 | luxury-design-shop.site |
| 15 | luxurydiscountshop.icu |
| 15 | luxuryecshop.xyz |
| 15 | luxuryfashionbags2013.xyz |
| 15 | luxuryfashionhandbags.xyz |
| 15 | luxuryfashiononlineshop.store |
| 15 | luxury-fashion-store.xyz |
| 15 | luxury-fashion-stores.shop |
| 15 | luxuryfranceshopping.store |
| 15 | luxurygiftbag.icu |
| 15 | luxurygiftsbags2u.shop |
| 15 | luxurygirlstore.site |
| 15 | luxurygoldenshop.site |
| 15 | luxuryhandbagboutique.store |
| 15 | luxuryhandbagnewstore.online |
| 15 | luxuryhandbagoutlets.club |
| 15 | luxuryhandbagreplica.club |

| 15 | luxuryhandbagresell.top |
|---|---|
| 15 | luxuryhandbags4sale.shop |
| 15 | luxuryhandbagsalesshop.top |
| 15 | luxuryhandbagsblog.top |
| 15 | luxuryhandbagscollection.online |
| 15 | luxuryhandbagshops.site |
| 15 | luxuryhandbagsparty.store |
| 15 | luxuryhandbagspurchaser.top |
| 15 | luxuryhandbagsreview.shop |
| 15 | luxuryhandbags-store.xyz |
| 15 | luxuryhandbagstoreonline.top |
| 15 | luxuryhandbagz.site |
| 15 | luxuryladybags.store |
| 15 | luxuryliferomania-shop.xyz |
| 15 | luxurylifestyleshop.club |
| 15 | luxurylovebag.xyz |
| 15 | luxuryluggagebags.online |
| 15 | luxurymailboxshop.icu |
| 15 | luxurymallshop.icu |
| 15 | luxuryonlieshop.shop |
| 15 | luxuryonlineshopping.site |
| 15 | luxuryoutletonlineshop.top |
| 15 | luxuryoutletshoppe.shop |
| 15 | luxurypacbag.xyz |
| 15 | luxuryproductsshop.site |
| 15 | luxuryreplicabags.club |
| 15 | luxuryreplicabagus.xyz |
| 15 | luxuryreplicahandbagshome.top |
| 15 | luxuryscarfshop.icu |
| 15 | luxuryshop2016.top |
| 15 | luxuryshop7.xyz |
| 15 | luxuryshopafrica.shop |
| 15 | luxuryshopambrands.club |
| 15 | luxuryshopapp.club |
| 15 | luxuryshopcn.top |
| 15 | luxuryshopdubai.club |
| 15 | luxuryshopgallery.shop |
| 15 | luxuryshop-group.xyz |
| 15 | luxury-shoping.top |
| 15 | luxuryshopjapan.shop |
| 15 | luxury-shop-online.shop |
| 15 | luxuryshopparaguay.top |
| 15 | luxuryshoppingapps.icu |

| | |
|---|---|
| 15 | luxuryshoppingcenter.icu |
| 15 | luxuryshoppingmall.club |
| 15 | luxuryshoppingqueen.icu |
| 15 | luxuryshoppingresource.site |
| 15 | luxury-shoppings.shop |
| 15 | luxuryshoppingtoday.store |
| 15 | luxuryshopworld.shop |
| 15 | luxuryshopz.xyz |
| 15 | luxurystore2006.xyz |
| 15 | luxurystore7.site |
| 15 | luxury-stores-group.xyz |
| 15 | luxurystoreus.site |
| 15 | luxurytradehandbags.online |
| 15 | luxuryvintagehandbags.shop |
| 15 | luxuryvip-shops.site |
| 15 | luxurywebshop.top |
| 15 | luxuryworldshopping.store |
| 15 | luxurywowbags.shop |
| 15 | luxuryzstore.xyz |
| 16 | 1mmtt.su |
| 17 | aaaqualitygoods.ru |
| 18 | aaasupplier.com |
| 19 | aalux.ru |
| 20 | alimordesinger.com |
| 21 | alipatrendz.com |
| 22 | allforlux3.shop |
| 23 | allright1.com |
| 24 | awamoda-parfums.com |
| 25 | baghala.com |
| 25 | maonewbags.com |
| 25 | yabosale.com |
| 26 | bagsbyvip.com |
| 27 | bagscnshop.top |
| 28 | bagsrightdesigner.com |
| 29 | baobags2021.top |
| 30 | barbce.xyz |
| 31 | batluxury.com |
| 32 | bestify.ru |
| 33 | biosro.xyz |
| 34 | bmlin.shop |
| 35 | bomulnara.biz |
| 35 | bomulnara.info |
| 36 | borsaoutlet.net |

| 37 | borsedisconto.com |
|----|----|
| 38 | brand-shop.one |
| 39 | brands-msk.ru |
| 40 | brdshowplaza.ru |
| 41 | brmx.ru |
| 42 | china-group.ru |
| 42 | china-group.moscow |
| 43 | cloverry.com |
| 44 | cnhandbagstore.top |
| 45 | copy432.ru |
| 46 | copy666.com |
| 47 | copy98k.ru |
| 48 | copynn123.ru |
| 49 | dailyshow.store |
| 50 | datsbrandstore.in |
| 51 | diaozhaji.com |
| 52 | dolabuy.su |
| 53 | essenceofluxury105.ru |
| 54 | every-designer.ru |
| 55 | fabagg.net |
| 55 | fabagg.co |
| 56 | fakehandbagsale.com |
| 57 | fashionbagoutlet.online |
| 58 | fashionbeast.ru |
| 59 | fashionluxurious.com |
| 60 | fauxpursesale.com |
| 61 | finnerr.com |
| 62 | flexshop1.com |
| 63 | globestyle.ru |
| 64 | goluxuryshop.com |
| 65 | hot-handbag.com |
| 66 | impurse.com |
| 67 | jewelryhold.com |
| 68 | kasperschoenen.nl |
| 69 | lbagsos.com |
| 70 | lebrouges.in |
| 71 | liabags.com |
| 72 | lionshopp.com |
| 73 | lordkicks.net |
| 74 | louis-soa.shop |
| 75 | lussoeborseit.com |
| 76 | luxeborses.com |
| 77 | luxesavers.com |

| | |
|---|---|
| 78 | luxtrendy.co.kr |
| 79 | luxtrendy.kr |
| 80 | luxury-bag-sale.ru |
| 81 | luxury-baron.com |
| 82 | luxury-sa.store |
| 83 | luxurysu.com |
| 84 | luxurytasticreplicas.ru |
| 85 | luxuryvip55.ru |
| 86 | newnicesales.com |
| 87 | niuuo.com |
| 88 | oldcobbler.net |
| 89 | palm-mall.com |
| 90 | perfectfakehandbag.com |
| 91 | perfectimitationshop.com |
| 92 | picknavy1.com |
| 93 | picknavyt.com |
| 94 | picknewbags.com |
| 95 | pickyourbags.com |
| 96 | pistol.pe.kr |
| 97 | pursesvalleyfactory.ru |
| 98 | pursevalleyshop.ru |
| 99 | reacase.com |
| 100 | readheadlinenews.com |
| 101 | realwatch.pro |
| 101 | realwatch.su |
| 102 | reaoccur.com |
| 103 | replgogo.com |
| 104 | replicaclubs.ru |
| 105 | replicapa.com |
| 106 | replicaxe.com |
| 107 | sarannosalseri.it |
| 108 | sdrkj.net |
| 109 | shop345.ru |
| 110 | shopinwera.shop |
| 111 | shunfengru.ru |
| 112 | smq4.com |
| 113 | sneakerstrade.net |
| 114 | sophiebagshop.com |
| 115 | sophielouise.shop |
| 116 | specopys.com |
| 117 | stevensupermall.cn |
| 118 | sumkavip.com |
| 119 | supersumki.com |

| 120 | suriaklcc.vip |
|-----|---------------|
| 121 | sutekicase.com |
| 122 | tatler-moda.ru |
| 123 | thebrandworld.org |
| 124 | tokei7777.com |
| 125 | top1984.com |
| 126 | topk88.ru |
| 127 | topshop66a.com |
| 128 | trendseeker.fashion |
| 129 | trendystore24.ru |
| 130 | ulhgs.com |
| 131 | unahub.ru |
| 132 | unixx24.ru |
| 133 | vikkia.com |
| 134 | vipbrands.app |
| 135 | vsnc333.ru |
| 136 | watchlu.com |
| 137 | wearsurly.net |
| 138 | wenwenluxury.com |
| 139 | wgkjw.com |
| 140 | Whitic.com |
| 141 | wikitopshop.com |
| 142 | worth-shop.net |
| 143 | wsdhpkli.com |
| 144 | xn--ph1b7hs38aize8lawv.com |
| 145 | yizifei1.com |
| 146 | yourcopyoriginal.it |